IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN COOPER, #505-238 | : | |
| Plaintiff | : | |
| v. | : | Civil No. L-09-2458 |
| JOHN H. PRICE, *WARDEN, et al*. | : | |
| Defendants | : | |

**MEMORANDUM**

**I. Background**

This 42 U.S.C. § 1983 civil rights action was received for filing on September 17, 2009 from Kevin Cooper ("Cooper"), an inmate housed at the Eastern Correctional Institution. Cooper complains that on September 20, 2003, he was attacked by fellow inmate Bobby Massey while housed at the Maryland Correctional Institution in Jessup ("MCI-J"). He asserts that he sustained "injuries that are a lifetime disability" and he continues to suffer from reoccurring nightmares, headaches, and dizziness. Docket No. 1. Cooper claims that MCI-J failed to protect him and caused him medical problems because "after the assault proper medical care was not given [and he was] instead placed on lock-up with minimal care." Id. John H. Price, MCI-J Warden is the only named Defendant. Cooper seeks damages in the amount of $1,000,000.00. Because he appears indigent, Cooper's Motion for Leave to Proceed In Forma Pauperis will be granted. The Complaint, however, shall be summarily dismissed without the need for service, answer, or briefing.

## II. Standard of Review

This case is subject to screening under 28 U.S.C. § 1915(e). Pursuant to § 1915(e)(2)(B) a court shall dismiss claims filed in forma pauperis if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. A complaint is frivolous where “it lacks an arguable basis either in law or in fact.” McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), citing Neitzke v. Williams, 490 U.S. 319, 325 (1989). The frivolousness inquiry ensures that federal resources are not wasted on unfounded lawsuits that paying litigants generally do not initiate because of the costs of bringing suit. See Nagy v. FMC Butler, 376 F.3d 252, 255 (4th Cir. 2004). While the Court does not wish to diminish the severity of Cooper’s September 2003 assault and alleged injuries, or condone his speculative claim of indifference on the part of MCI-J staff, it finds that the Complaint is subject to dismissal under the applicable statute of limitations.

When enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. See Burnett v. Grattan, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. Id. at 49; Chardon v. Fumero Soto, 462 U.S. 650, 655-656 (1983); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." Wilson v. Garcia, 471 U.S. 261, 271 (1985). Upon review of Maryland's limitations provisions, Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. See Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. See Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. Id. Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See Fayemi v. Offerman, 99 Fed. Appx. 480, **1 (4th Cir. 2004). Here, Cooper at the latest should have known of his injuries in September of 2003, when he was assaulted by MCI-J inmate Donald R. Wall Jr. and denied immediate aftercare.[1] Because he failed to file the instant Complaint until almost six years after the accrual of the incident, it is clear that the statute of limitations now bars consideration of Cooper's claim. See Nasim v. Warden, 64 F.3d 951, 956 (4th Cir. 1995) (case may be dismissed as frivolous under § 1915(e) on the basis that it was time-barred on its face.).

**III. Conclusion**

For the aforementioned reasons, Cooper shall be granted leave to proceed in forma pauperis. His Complaint for damages shall, however, be dismissed under the applicable statute of limitations. A separate Order follows. Because Cooper's § 1983 Complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory,"

---

[1] The Complaint does not allege that Cooper recently has been denied medical care, only that he was denied care immediately after the 2003 assault. To the extent that Cooper wishes to raise a claim concerning his medical care at the Eastern Correctional Institution or other institutions over the past three years, he is free to file a new civil rights action.

the dismissal is pursuant to 28 U.S.C. § 1915(e).[2] Cooper is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious under §1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.[3]

/s/

Date: October 1, 2009

Benson Everett Legg
Chief Judge

---

[2] 28 U.S.C. § 1915(e)(2) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under this provision (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.